IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WAGNER,<br><br>                Plaintiff,<br><br>   vs.<br><br>THE CITY OF OMAHA; OMAHA POLICE OFFICERS BILLIE JO CEGLAR, JACKIE DOLINSKY, JOSH KELLY, AARON PENNINGTON, JODI SAUTTER, SCOTT ZYMBALL and MATTHEW KEENAN,<br><br>                Defendants. | 8:12CV392<br><br><br>MEMORANDUM AND ORDER |

      This matter is before the court on defendants' objection, Filing No. 59, to the order of the magistrate judge, Filing No. 56, on defendants' motion to bifurcate claims and denying their motion to stay discovery, Filing No. 47. This is a civil rights action under 42 U.S.C. § 1983 for excessive force in effecting an arrest and conspiracy. In his amended complaint, the plaintiff alleges that the defendant police officers used excessive force on him during his arrest on May 29, 2011, and also alleges that the City of Omaha has a policy, practice or custom of failing to train, supervise, or control its officers and condones or facilitates misconduct by its officers.

      The magistrate judge granted a bifurcation of individual and policy claims to avoid potential prejudice to the individual defendants, but denied a stay of discovery finding there overlapping evidence and that deferring discovery on the policy claims would be costly and inefficient. Defendants object to that portion of the order that denies a stay of discovery and that requires a trial on the policy claims to commence immediately following trial on the individual capacity claims. Defendants argue that the magistrate judge's order: (1) unreasonably minimizes the costs and inconvenience to

the defendants when it is unlikely that the policy claims will ever go to trial, (2) ignores that policy claims discovery will not likely lead to admissible evidence and will in reality be only used to harass the defendants, and (3) overestimates the degree that any policy claim discovery will generate admissible evidence that has overlapping relevance to the individual claims.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law."). A magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995). "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b)." *O'Dell v. Hercules*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). When determining whether bifurcation is appropriate, "district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202.

The court finds no clear error in the magistrate judge's ruling. The defendants have not shown that the magistrate judge's order is contrary to law. The magistrate judge was within his discretion to deny a stay of discovery on the policy claims and to

order bifurcation of the individual and policy claims. The court agrees with the magistrate judge that there is a considerable overlap in evidence and that discovery on all claims is not unduly burdensome for the city. Little, if anything, in the way of efficiency would be gained by postponing discovery on the policy claims until the claims against the individual officers are fully litigated. The court also agrees that bifurcation of trial is appropriate to avoid the introduction of evidence that could be potentially prejudicial to the officers in their individual capacities. Accordingly,

IT IS ORDERED that defendants' objection (Filing No. 59) to the order of the magistrate judge (Filing No. 56) is overruled.

Dated this 3rd day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge
