IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT WAGNER,

          Plaintiff,

vs.

CITY OF OMAHA, et al.,

          Defendants.

8:12CV392

**MEMORANDUM AND ORDER**

      This matter is before the court on plaintiff's motion for judgment on Rule 68 Offer and Acceptance, Filing No. 94, and the motion to strike motion for judgment on Rule 8 Offer filed by defendants City of Omaha, Jackie Dolinsky, and Aaron Pennington, Filing No. 98. Plaintiff alleges in his first amended complaint that the defendant officers used excessive force and failed to intervene in the use of force during his arrest at the Creighton University Medical Center on May 29, 2011. See Filing No. 64. Plaintiff also alleges that the City of Omaha has a policy and practice of not adequately investigating or disciplining police officers for excessive force. Plaintiff pleaded the following counts against each of the defendants: Count I, excessive force; Count II, conspiracy; Count III, failure to intervene; and Count IV, indemnification against the City of Omaha.

      Plaintiff contends that on July 31, 2013, these three defendants served a Rule 68 Offer of Judgment on the plaintiff offering to allow judgment to be entered against "all or any one or more of them" on "one or more" of plaintiff's claims against them in the amount of $16,000 plus costs and reasonable fees. Plaintiff argues that on August 12, 2013, he accepted the offer as to plaintiff's claim for failure to intervene against defendant Dolinsky. Pursuant to Rule 68, plaintiff filed a notice of offer and acceptance.

Plaintiff contends that the Rule 68 Offer is clear and unambiguous. He argues that the plaintiff could choose to accept judgment against "any one" of these three defendants on "any one" of plaintiff's claims against the defendant for $16,000, and that this language is in the disjunctive "or." The use of the disjunctive, argues plaintiff, allows him to choose judgment against all three defendants or just one or just two of them. See *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002) ("Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror."); *Sanchez v. Prudential Pizza, Inc.,* 709 F.3d 689, 694 (7th Cir. 2013) ("Whether the ambiguity is accidental or strategic, Rule 68 must be interpreted to prevent such strategic use of ambiguity by construing an ambiguous offer against the offered defendant's interests, whether the question arises from the offer's acceptance or rejection."). Plaintiff further relies on the Eighth Circuit which stated:

> Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted. By directing that the clerk shall enter judgment after proof of offer and acceptance has been filed, the explicit language of the Rule indicates that the district court possesses no discretion to alter or modify the parties' agreement.

*Perkins v. U.S. West Communications,* 138 F.3d 336, 338 (8th Cir. 1998).

The offer of judgment served on plaintiff by defendants states in relevant part:

> PURSUANT TO Federal Rule of Civil Procedure 68, without admitting any allegation, the Defendants Dolinsky, Pennington, and City of Omaha offer to allow judgment to be taken against all or any one or more of them in favor of the Plaintiff on the following terms.
>
> 1. Judgment on one or more of the Plaintiffs' claims in the total cumulative amount of sixteen thousand dollars and no cents ($16,000.00); and,

      2. Reasonable taxable costs accrued to this date to be determined by the court in accordance with local rules; and,

      2. [sic] Reasonable attorney fees accrued to this date to be determined by the court in accordance with 42 U.S.C. § 1988 and pertinent case law.

Filing No. 95, Ex. A. Thereafter, plaintiff served these three defendants an Acceptance of Rule 68 Offer of Judgment which stated:

      Pursuant to Federal Rule of Civil Procedure 68, Plaintiff Robert Wagner accepts Defendant Dolinsky's offer of judgment on the terms offered by her:

      1. Judgment only on Plaintiff's claim of failure to intervene only against Defendant Dolinsky in the total cumulative amount of sixteen thousand dollars and no cents ($16,000.00); and,

      2. Reasonable taxable costs accrued to July 31, 2013, the date of service of the Rule 68 Offer of Judgment, in accordance with local rules; and,

      3. Reasonable attorney fees accrued to July 31, 2013, the date of service of the Rule 68 Offer of Judgment, to be determined by the court in accordance with 42 U.S.C. § 1988 and pertinent case law.

Filing No. 95, Ex. B. Following this alleged acceptance, defendants sent the following letter signed by attorney Thomas Mumgaard to plaintiff on August 14, 2013:

      The Acceptance varies from the terms of the Rule 68 Offer of Judgment served by the City of Omaha and Officers Dolinsky and Pennington and does not sufficiently reflect the offer. The offer was made jointly and collectively by all three offering defendants. The acceptance, however, attempts to accept "Defendant Dolinsky's offer" on the "terms offered by her." Defendant Dolinsky did not make any such separate offer and did not offer any such separate terms.

Filing No. 95, Ex. C.

These three defendants argue that there is no valid offer and acceptance under Rule 68. In fact, defendants contend that plaintiff made a counteroffer. Defendants further argue that this is a joint and collective offer by all three defendants. Defendants

assert that the offer and acceptance do not match, and they must be mirror images of each other. The offer, say defendants, clearly says "the Defendants Dolinsky, Pennington, and City of Omaha offer", and it does not say "and/or" and thus it is a collective offer. The deal offered, contends the defendants, was between plaintiff and all three defendants, not just the plaintiff and Dolinsky. Defendants rely on the rationale used by the Eighth Circuit which stated:

> We now come to Radecki's purported acceptance. As we noted earlier, for Radecki and Amoco to have created a binding agreement there must have been an objective manifestation of mutual assent. As one court has put it, the acceptance must "mirror" the offer. *Bentley* [*v. Bolger*], 110 F.R.D. [108] at 113 [(C.D. Ill. 1986)]. We hold that Radecki's purported acceptance does not sufficiently reflect Amoco's offer and therefore does not amount to an acceptance. While attempting to accept Amoco's offer, Radecki simultaneously filed a motion for attorney fees. Clearly, Radecki intended to accept an offer for $525,000 that was not inclusive of attorney fees, which is an offer Amoco had not extended. The materially different intent of the parties as manifested in their actions shows there was no mutual assent, and hence no binding agreement.

*Radecki v. Amoco Oil Co.,* 858 F.2d 397, 403 (8th Cir.1988). The court notes that *Radecki* dealt with a case with an ambiguous offer of judgment and an assent, but there was no acceptance of the offer as given. *Id.* at 400. However, in another Eighth Circuit case, the court noted where the offer is ambiguous but the offeree accepts it just as written, an enforceable agreement is formed. *Hennessy v. Daniels Law Office,* 270 F.3d 551, 553 (8th Cir. 2001).

"An offer of judgment is generally treated as an offer to make a contract." *Hennessy*, 270 F.3d at 553. Recently the Third Circuit stated: "In interpreting a Rule 68 offer of judgment, courts must not consider extrinsic evidence or the intentions of the parties. Nor can they allow their awareness of such irrelevant facts to influence their

4

interpretations of the plain language of the Offer." *Lima v. Newark Police Dep't*, 658 F.3d 324, 333 (3d Cir. 2011).

Plaintiff claims the offer was unambiguous and he accepted in accordance with the offer. Defendants claim the offer is unambiguous and there was no acceptance of the original terms. Such a reading of the offer, argue defendants, would permit the issue of failure to intervene to be relitigated as to other defendants, particularly Pennington and the City of Omaha. These two defendants would be uncertain as to the effect of the acceptance on them during and following trial.

As stated herein, ambiguities are construed against the maker in contracts dealing with offers of judgment. The court first finds that the offer is clearly ambiguous. The offer is open to several interpretations. The language: "offer to allow judgment to be taken **against all or any one or more of them** in favor of the Plaintiff on the following terms" and the language "Judgment on one or more of the Plaintiffs' claims in the **total cumulative amount of sixteen thousand dollars** and no cents ($16,000.00)" is clearly ambiguous. For example, the offer can be read to allow settlement with each individual at $16,000 per person, for a total of $48,000. The offer can also be interpreted as a settlement that plaintiff can settle with one or more defendants for $16,000 each, which could result in a $16,000, or $32,000, or $48,000 settlement(s). The offer can be construed to allow a total settlement of all three defendants in the total cumulative amount of $16,000. As a result of the various conflicting language used in the offer, the court finds it is clearly ambiguous.

Therefore, the court must determine if the plaintiff accepted any of the potential offers. The court finds the answer is no. Plaintiff tried to carve out one defendant and

one claim. When read together, there is no basis for plaintiff to accept only one claim (failure to intervene) against one defendant (Dolinsky) for the $16,000. The court simply does not see such an interpretation in the offer. The court finds the plaintiff did not accept any of the possible offers. Plaintiff made a counteroffer, which included terms that did not exist in the offer. The terms did not mirror any of the possible offers made by the defendants. Accordingly, there was no timely acceptance by the plaintiff of any of the potential offers.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion to accept offer, Filing No. 94, is denied;

2. Defendants' motion to strike offer, Filing No. 98, is granted.

Dated this 10th day of December, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge