IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WAGNER,<br><br>             Plaintiff,<br><br>  vs.<br><br>CITY OF OMAHA, OMAHA POLICE OFFICERS JACKIE DOLINSKY, JOSHUA KELLEY, AARON PENNINGTON, JODI SAUTTER, SCOTT ZYMBALL, and MATTHEW KEENAN,<br><br>             Defendants. | **8:12CV392**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's motion in limine to bar Dr. Joel Cotton from testifying at trial, Filing No. 143; plaintiff's motion in limine to bar Bruce Siddle from testifying at trial, Filing No. 154; and defendants' motion in limine to exclude unidentified expert witnesses, Filing No. 178.[1]  This is an action for violation of civil rights under 42 U.S.C. § 1983.  The plaintiff alleges the defendant officers used excessive force in an incident involving the arrest of the plaintiff on May 29, 2011.

**I. FACTS**

The record shows Dr. Joel Cotton is expected to testify with respect to his opinions on the factual question of whether any force or trauma inflicted by the defendants proximately caused Wagner's alleged injuries.  Dr. Cotton is a Board

---

[1] The parties agree in the Order on Pretrial Conference that

> It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment[, and that those witnesses] whose only testimony is intended to establish foundation . . . shall not be permitted to testify for any other purpose. . . .

Filing No. 204 at ECF p.5, Order on Pretrial Conference at 5.  Accordingly, the defendants' motion to bar such testimony will be denied as moot.

Certified Neurologist.  The plaintiff does not challenge his qualifications, but argues that his expert report does not explain the basis for his opinion, fails to show that he used an acceptable methodology, and fails to provide sufficient detail.  The plaintiff further argues that Dr. Cotton's opinions are irrelevant.

Dr. Bruce Siddle is a "use of force and high-risk human factors specialist," who states his role is to "support the Court and jury with experience-based insights within the scope of [his] expertise, including current use of force training practices, past and present research that has been conducted within the field of use of force or high-risk human factors, and whether the officer's actions were consistent with current use of force training and research following the *Graham v. Connor* decision."  Filing No. 156-1, Ex. A, Report of Bruce Siddle at 4.  He is expected to testify generally with respect to use-of-force training and standards and also with respect to "research that examines how survival stress influences perceptions, decision-making, the ability to perform precision motor skills during a use of force event, as well as how stress can influence the memories surrounding high-stress events."[2]  *Id.* at 3.

The plaintiff argues that Siddle's testimony is irrelevant, confusing, and misleading and would invade the province of the jury.  Further, the plaintiff argues that Siddle's conclusions are not based on a reliable methodology or theory and Siddle is not qualified to provide any psychological, medical, or scientific explanation for discrepancies in an officer's memory or perceptions during allegedly high-stress or high-risk situations.  The plaintiff's motion is based in part on Siddle's testimony at an

---

[2] He claims to have conducted several studies on "Critical Incident Amnesia" phenomena, including a study titled *Triggering the Survival Circuit*, Siddle & Siddle (2004) and *Identifying the Biological Limits of Firefight Performance* (2013).  These articles are not in the record.

2

arbitration deposition that shows that Siddle intends to offer improper legal conclusions on the reasonableness of the defendants' conduct in light of Fourth Amendment standards.[3] In response, defendants state that they "have never represented that Siddle will opine on that ultimate issue left to the jury here." Filing No. 165, Defendants' Brief at 9.

## II. LAW

Admissibility of expert testimony is governed by Federal Rules of Evidence 702 and 703. Johnson v. Mead Johnson & Co., LLC, — F.3d —, 2014 WL 2535324, *3 (8th Cir. June 6, 2014). The screening requirement of Rule 702 boils down to a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

Polski v. Quigley Corp., 538 F.3d 836, 839 (8th Cir. 2008); Johnson, 2014 WL 2535324 at *2-*3. Rule 702 mandates that the district court screen the admission of novel scientific evidence, and the court must conclude that the proposed testimony is "scientific knowledge, derived from the scientific method, that will assist the trier of fact, *i.e.,* is relevant." Johnson, 2014 WL 2535324 at *3. "The district court's screening 'entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology

---

[3] In the arbitration deposition, Siddle testified "My opinion is that Aaron Pennington is not guilty of excessive force." Filing No. 156-3 at ECF p. 60, Index of Evid., Ex. B, Bruce Siddle Deposition Excerpt at 60 (Doc # 156-3, Page ID # 2174).

properly can be applied to the facts in issue.'" *Id.* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993)). "While the *Daubert* Court acknowledged that many factors would be instructive to the district court, it focused on four non-exclusive factors: (1) whether the scientific technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and/or publication; (3) the known rate of error for the technique or theory and the applicable standards for operation; and (4) whether the technique is generally accepted." *Id.*

The United States Court of Appeals for the Eighth Circuit recently stated that "cases are legion that, correctly, under *Daubert*, call for the liberal admission of expert testimony." *Id.* at *4; *see, e.g.*, *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011) (holding that doubts about the usefulness of expert testimony are resolved in favor of admissibility); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (holding that expert testimony should be admitted if it "advances the trier of fact's understanding to any degree" (quotation omitted)); *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (Rule 702 "clearly is [a rule] of admissibility rather than exclusion" (internal quotation omitted)); *Wood v. Minnesota Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (holding that exclusion of expert's opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury" (internal quotation omitted)). Further, district courts are admonished not to weigh or assess the correctness of competing expert opinions. *Johnson*, 2014 WL 2535324 at *4; *Kuhn v. Wyeth*, 686 F.3d 618, 625 (8th Cir. 2012). As long as the expert's scientific testimony rests upon "good grounds, based on what is known" it should be tested by the adversary process with competing expert testimony and cross-examination, rather than

4

excluded by the court at the outset. *Johnson*, 2014 WL 2535324 at *4 (quoting *Daubert*, 509 U.S. at 590, 596).

Expert evidence is not objectionable because it embraces an ultimate issue to be decided by the jury. Fed. R. Evid. 704(a); *Lee v. Andersen*, 616 F.3d 803, 808-09 (8th Cir. 2010); *see Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994) (explaining that "[a]lthough an expert's opinion may 'embrace[ ] an ultimate issue to be decided by the trier of fact[,]' Fed. R. Evid. 704(a), the issue embraced must be a factual one."). Expert opinions based on industry or institutional practices and standards are generally admissible. *See Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (explaining that expert testimony on legal matters is not admissible, but testimony on "industry practice or standards" may be relevant and expert or fact testimony on what these are is often admissible); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (expert testimony on reasonableness of police behavior in light of Fourth Amendment standards is statement of legal conclusions and is not admissible).

Also, an expert is not allowed to opine on a factual matter on which the jurors are entirely capable of making a determination—such as the amount of force—nor is he allowed to offer an opinion about the truthfulness of witness testimony. *Westcott v. Crinklaw*, 68 F.3d 1073, 1076-77 (the issue of credibility should be "left in the exclusive province of the jury"). "If the subject matter is within the jury's knowledge or experience, however, the expert testimony remains subject to exclusion 'because the testimony does not then meet the helpfulness criterion of Rule 702.'" *Id.* at 809 (quoting *United States v. Arenal*, 768 F.2d 263, 269 (8th Cir. 1985)). An expert opinion about what is

5

shown on videotape is inadmissible because it would not assist the jury "but rather would have told it what result to reach." *Lee,* 616 F.3d at 809. A jury is entirely capable of analyzing the images. *Id.* An expert's testimony may be excluded on "reliability" grounds if it is "'so fundamentally unsupported that it can offer no assistance to the jury.'" *Polski,* 538 F.3d at 839.

With respect to medical testimony, the Eighth Circuit has held that the process of differential diagnosis "is acceptable causation testimony" under *Daubert* and "in fact [has] termed it 'presumptively admissible,' noting that a district court may not exclude such expert testimony unless the diagnoses are 'scientifically invalid.'" *Johnson*, 2014 WL 2535324 at *6 n.2 (quoting *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001) (per curiam)).

### III.  DISCUSSION

The court finds both Dr. Cotton and Mr. Siddle appear to be generally qualified to testify as expert witnesses. Dr. Cotton proposes to offer his specialized knowledge as a Board Certified Neurologist on medical questions beyond the knowledge of the jury. The defendants have shown that Siddle may have specialized knowledge and expertise in police training and procedures. Accordingly, he will be allowed to testify, generally, with respect to those issues. Defendants represent that they do not intend to offer testimony on the ultimate issue of whether the defendants' actions were reasonable. Nevertheless, evidence on some issues may be problematic—whether a reasonable officer would think Wagner's actions were aggressive or attempts to incite a crowd, and whether or not Wagner "assaulted" an officer appear not to require the assistance of an expert; they are factual disputes on which the jury can make its own findings.

6

It is difficult to evaluate the evidence in the context of a pretrial motion without full development of the record with respect to foundation and relevance. Some of the plaintiff's contentions may properly be objections that can be addressed at trial. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Accordingly, the court will deny the motion in limine with respect to Siddle's use-of-force training and procedures testimony at this time without prejudice to reassertion at trial. The issues can be adequately addressed either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury.

Siddle's purported testimony on "Critical Incident Amnesia" and other perceptions or responses by the defendant officers presents a different issue. The defendants have not established that the testimony is reliable and trustworthy. The defendants do not dispute that Siddle has no medical, scientific, social science, or psychological training, education, or experience that relates to sensory perception. Filing No. 165, Defendants' Brief at 18-19. The court has reviewed Siddle's Curriculum Vitae and finds that it shows he has specialized knowledge in law enforcement training, but his qualifications with respect to law enforcement responses or reactions to stress are exceedingly thin. *See* Filing No. 156-4 and Filing No. 156-5, Index of Evid., Exs. C & D. The court has not been presented with evidence that Siddle's testimony on brain function, memory, perception, or stress-responses has been admitted into evidence in other cases, nor have the defendants shown that his techniques or methods have been tested, subjected

7

to peer review, and/or generally accepted. He has apparently authored numerous articles and conducted some research but there is no showing that his research or methodology is scientifically valid or that his conclusions are generally accepted or applied. Without such a showing, his opinions are neither relevant nor helpful. Accordingly, the plaintiff's motion in limine should be granted with respect to Siddle's opinions on stress responses, memory, and high-risk human factors.

IT IS ORDERED :

1. The plaintiff's motion in limine to bar Dr. Joel Cotton from testifying at trial ([Filing No. 143](Filing No. 143)) is denied.

2. The plaintiff's motion in limine to bar Bruce Siddle from testifying at trial ([Filing No. 154](Filing No. 154)) is granted in part and denied in part as set forth in this order.

3. The defendants' motion in limine to exclude unidentified expert witnesses ([Filing No. 178](Filing No. 178)) is denied as moot.

DATED this 7th day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge